IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 5:23-CR-014-H(01) |
| CASSANDRA GONZALEZ (01) | |

## FACTUAL RESUME

In support of Cassandra Gonzalez's plea of guilty to the offense in Count Two of the Indictment, Gonzalez, the defendant, Sarah Gunter, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the Indictment, charging a violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), that is, False Material Statement During the Purchase of a Firearm, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant made a false or fictitious oral or written statement;

*Second.* That the defendant knew the statement was false;

*Third.* That the statement was made in connection with the acquisition of a firearm or ammunition from a licensed firearm or ammunitions dealer;

*Fourth.* That the statement was intended or was likely to deceive a licensed firearm or ammunitions dealer; and

---

[1] Fifth Circuit Pattern Jury Instruction 2.43B (5th Cir. 2019).

Cassandra Gonzalez
Factual Resume—Page 1

*Fifth.* That the alleged false statement was material to the lawfulness of the sale or disposition of the firearm or ammunition.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

A false statement is "likely to deceive" if the nature of the statement, considering all of the surrounding circumstances at the time it is made, is such that a reasonable person of ordinary prudence would have been actually deceived or misled.

## STIPULATED FACTS

1. Cassandra Gonzalez, defendant, admits that on or about December 30, 2022, in the Lubbock Division of the Northern District of Texas, and elsewhere, in connection with the acquisition or attempted acquisition of a firearm, that is, an FNH USA, model M249S, 5.56x45mm belt-fed rifle, serial number M249SA06305, from SharpShooters, 5220 Marsha Sharp Freeway, Lubbock, Texas, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, she did knowingly make a false or fictitious written statement to SharpShooters, which statement was intended or likely to deceive SharpShooters, as to a fact material to the lawfulness of such sale or acquisition of said firearm under Chapter 44, Title 18, United States Code, in that defendant executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms,

Cassandra Gonzalez
Factual Resume—Page 2

and Explosives, Form 4473 Firearm Transaction Record, to the effect that she was the actual transferee or buyer of the firearm, when she was knowingly or intentionally acquiring the firearm on behalf of another person, to wit: L.V. In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), and 2.

2.      On December 30, 2022, Cassandra Gonzalez, defendant, entered SharpShooters, a Federal Firearms License holder, located at 5220 Marsha Sharp Freeway in Lubbock, Texas, in the Northern District of Texas. Gonzalez attempted to purchase an FNH USA, model M249S, 5.56x45mm belt-fed rifle, serial number M249SA06305. On the required ATF Form 4473, Gonzalez certified that she was purchasing the firearm for herself and that her current address was in Garland, Texas. Gonzalez did not complete the purchase on that date and exited the store.

3.      Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) investigated the transfer of the FNH M249S and found that the address Gonzalez listed on the ATF Form 4473 did not match her actual current address at an apartment complex in Lubbock. ATF agents contacted SharpShooters and notified them of the issue. Agents learned that Gonzalez would return on January 4, 2023, to complete the sale, and established surveillance of her residence on that date.

4.      Agents observed Gonzalez and another female, later identified as co-defendant Imajah Tierra Cervantes, travel to SharpShooters on January 4, 2023. The two women entered the store, where Gonzalez removed money from her purse to pay for the FNH M249S rifle. Cervantes picked the rifle up and carried it out of the store. Agents

intercepted the two women as they exited the store and took custody of the rifle. The women consented to speak with agents about the purchase of the firearm.

5. Gonzalez and Cervantes were separated and questioned. Gonzalez admitted to agents that the address she used on the ATF Form 4473 was not correct and that she currently resided at an apartment in Lubbock. Gonzalez maintained that she purchased the rifle for herself. However, Cervantes differed from that of Gonzalez.

6. Agents confronted Gonzalez with Cervantes's statements. Gonzalez then admitted that she was purchasing the rifle for another person. Gonzalez stated that she had never met the person but believed that the person provided the money for the purchase of the firearm. Gonzalez admitted that when she began the process of purchasing the firearm, she knew she was purchasing the firearm for the other person and not herself.

7. Gonzalez admits that she made a false or fictitious written statement, that is, that she was the actual purchaser of an FNH USA, Model 249S, 5.56x45mm belt-fed rifle, serial number M249SA06305. Gonzalez admits that she knew this statement was false or fictitious at the time because, as she then and there well knew, she was purchasing the firearm for L.V., not herself. Gonzalez admits that the statement was made in connection with the acquisition of a firearm from SharpShooters, a licensed firearms dealer. Gonzalez admits that the statement was intended or was likely to deceive SharpShooters, a licensed firearms dealer. Gonzalez admits that the alleged false statement was material to the lawfulness of the sale or disposition of the FNH USA, Model 249S, 5.56x45mm belt-fed rifle, serial number M249SA06305. That is, the

statement was material because the licensed firearms dealer must perform a background check on the actual transferee or buyer of the firearm. By Gonzalez falsely stating that she was the actual transferee or buyer of the firearm, the licensed firearm dealer could not perform a background check on the true transferee or buyer of the firearm, L.V.

8. The defendant agrees that she committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the Indictment.

9. The defendant further admits that she possessed the above-described firearm in violation of 18 U.S.C. § 922(a)(6) and it is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

AGREED TO AND STIPULATED on this 12th day of June, 2023.

_____  
CASSANDRA GONZALEZ  
Defendant

_____  
SARAH GUNTER  
Attorney for Defendant

LEIGHA SIMONTON  
UNITED STATES ATTORNEY

_____  
MATTHEW A. McLEOD  
Assistant United States Attorney  
Tennessee State Bar No. 034353  
1205 Texas Avenue, Suite 700  
Lubbock, Texas 79401  
Tel: 806-472-7351  
Fax: 806-472-7394  
Email: matthew.mcleod@usdoj.gov